IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

|  |  |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>       Plaintiff,<br><br>vs.<br><br>TERRY ANDERSON d/b/a/ TJA CONSTRUCTION, INC.,<br><br>       Defendant. | **No. 4:15-cv-00321 – JEG**<br><br>**DEFAULT JUDGMENT ORDER** |

Before the Court is a Motion by Plaintiff Thomas E. Perez, Secretary for the U.S. Department of Labor (the Secretary), for Default Judgment against Defendant Terry Anderson, doing business as TJA Construction, Inc. (collectively referred to as Anderson). The Court held a hearing on the motion on August 23, 2016. The matter is fully submitted and ready for disposition.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The Secretary filed an amended complaint[1] against Anderson on November 4, 2015, alleging Anderson failed to pay employees minimum and/or overtime wages in violation the Fair Labor Standards Act (FLSA or the Act), 29 U.S.C. §§ 206 and 207. The complaint requested recovery of unpaid wages and overtime compensation, an additional equal amount as liquidated damages pursuant to § 216(c), the imposition of a civil penalty pursuant to § 216(e)(2) for repeated or willful violations of the Act, and injunctive relief. Anderson waived service of the complaint.

On February 16, 2016, U.S. Magistrate Judge Ross A. Walters conducted a scheduling conference. Attorney Megan McGinnis appeared on behalf of the Secretary and Anderson appeared

---

[1]The Secretary filed an amended complaint with the Court before serving Anderson with the original complaint.

pro se.  Thereafter, a second amended complaint was filed and served on Anderson.  Judge Walters

held a settlement conference on March 24, 2016.  McGinnis appeared on behalf of the Secretary;

Anderson failed to appear, citing medical reasons.  Judge Walters rescheduled the settlement

conference and ordered Anderson to answer the second amended complaint by April 4, 2016.

Anderson failed to answer the second amended complaint.  The Secretary moved for the entry of

default pursuant to Federal Rule of Civil Procedure 55(a), which the Clerk of Court entered on April

28, 2016.

On May 27, 2016, the Secretary filed the present Rule 55(b)(2) motion for default judgment

against Anderson, requesting judgment in the amount of unpaid and underpaid wages for twenty

employees that accrued between October 24, 2012, and August 27, 2014.  The Secretary also

requests liquidated damages in the same amount, as well as a civil penalty in the amount of $5142.50.

The Court set the matter for hearing to obtain further record support for the requested relief.  See

Order of June 27, 2016, ECF No. 28.

## II.   DISCUSSION

Under Rule 55, the entry of default must precede a motion for default judgment.  See Johnson

v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a)

must precede grant of a default judgment under Rule 55(b).").  Rule 55(b)(2) provides that on a motion

for default judgment, "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it

needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of

any allegation by evidence; or (D) investigate any other matter."  "[A] default judgment cannot be

entered until the amount of damages has been ascertained."  Hagen v. Sisseton-Wahpeton Cmty. Coll.,

205 F.3d 1040, 1042 (8th Cir. 2000) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 97 (2d

Cir.1993)).

The Court held a hearing on the motion on August 23, 2016. McGinnis was present representing the Secretary. Neither Anderson nor any representative appeared on Anderson's behalf. There was no response to the deputy clerk's courthouse page for Anderson and TJA Construction.

At the hearing, the Secretary presented testimonial and documentary evidence, as well as legal argument, in support of the relief requested in the motion for default judgment. The Secretary offered, among other exhibits, Anderson's 2012 tax return 1040 Form Schedule C, which identified Anderson as the sole proprietor of TJA Construction, a general construction contracting business with gross receipts of $819,355 for the year. Employment records submitted at the hearing confirmed that Anderson employed at least two employees. Thus, the Secretary demonstrated that Anderson was an employer that "has employees "engaged in commerce or in the production of goods for commerce or that the employees work on goods or materials that have been moved in or produced for commerce" within the meaning of the FLSA. See 29 U.S.C. § 203(s)(1).

At the hearing, the Court heard the testimony of Maria Gonzalez, investigator for the United States Department of Labor, Wage and Hour Division. Gonzalez stated that she was assigned to investigate Anderson and TJA Construction for compliance with the FLSA for the period covering October 24, 2012, through August 27, 2014. Gonzalez verified that she met with Anderson and examined his employment records, employees' time sheets, and letters submitted by his employees. During her testimony, Gonzalez verified numerous exhibits, including Anderson's time sheets from the relevant period, communications between Anderson and his employees, Anderson's 1040 Schedule C for 2012, Anderson's employee lists, an email string between Gonzalez and Anderson regarding discrepancies in Anderson's employee records, and back wage computation sheets prepared during the course of the investigation. Gonzalez testified that based upon the information contained in those exhibits, as well as other aspects of her investigation, including her interviews with Anderson, she

determined Anderson violated several provisions of the FLSA by failing to pay any wages to six

employees who should have been paid a wage of at least $7.25 per hour during a two-week period in

which the employees averaged 47.5 hours of work per week; by paying employees for fewer hours

than those worked; by making unlawful deductions from the employees' pay for items such as tools and

debts; by failing to pay overtime wages to employees who had worked between 41 and 76 hours in

some work weeks; by improperly classifying employees as independent contractors; by failing to keep

complete and accurate records of wages, hours, and other conditions and practices of employment; by

failing to maintain records of employees' names and addresses; and by failing to keep complete and

accurate time sheets.  Gonzalez determined that due to these violations, Anderson owed twenty

employees a total of $10,608.87,[2] and that Anderson owed an equal amount in liquidated damages

under the FLSA, 29 U.S.C. § 216(c).

The Court also heard the testimony of Randy Luth (Luth), an assistant district director of the

Des Moines District Office of the United States Department of Labor, Wage and Hour Division, who

supervised and reviewed Gonzalez' compliance investigation of Anderson and TJA Construction.  Luth

testified that prior to Gonzalez' investigation, which covered the period between October 24, 2012,

through August 27, 2014, Anderson and TJA Construction had been investigated on two previous

occasions.  Luth said that Anderson and TJA Construction were found to have similarly violated the

FLSA during the period of August 16, 2003, through August 6, 2005, by failing to pay $12,787.10 in

overtime wages.  Luth detailed that following the August 2003 through August 2005 investigation,

---

[2]At the hearing, McGinnis stated there were two corrections to the record previously submitted
in support of the motion for default judgment.  First, the name of a former employee, previously
identified as Robert Miller is *Robin* Miller.  Second, based upon adjustments to the calculations,
McGinnis stated the total unpaid and underpaid wages is $10,608.82, rather than $9477.03, as stated
in the Secretary's brief.  After a review of the exhibits submitted at the hearing, however, the Court
calculates total unpaid and underpaid wages to be $10,608.87.

Anderson refused to pay the full amount of back wages, but agreed to comply with the Act in the future and agreed to pay $1013.63 in shorted overtime wages. Because of Anderson's repeat violations, the Department of Labor imposed a civil monetary penalty of $5142.50, pursuant to 29 U.S.C. § 216(e)(2). Luth stated that Anderson was notified of the imposition of the penalty and was advised that he had a right to take exception to it and to request a hearing within fifteen days. Anderson was further advised that if he did not take exception to the penalty, it would become final and not subject to appeal. Luth testified that Anderson did not take exception to the penalty determination and did not pay the penalty assessment.

The Court also heard the testimony of Scott Holiday (Holiday), a former Anderson employee. Holiday testified that he agreed to work for Anderson in May 2014 at a wage of $25 per hour. Holiday said he worked for Anderson for two weeks, 47.5 hours each week, and Anderson failed to pay him any wages at all. Holiday also testified that Anderson failed to reimburse Holiday for out-of-pocket expenses incurred fueling Anderson's vehicle, which Holiday used in performance of his duties while working for Anderson.

The Secretary filed a post-hearing brief asserting that pursuant to federal regulations, see 29 C.F.R. § 531.35, Holiday is entitled to recoup the unreimbursed fuel expenses because they were incurred primarily for Anderson's benefit, and that failure to compensate Holiday for those expenses caused Holiday's compensation to fall below minimum wage. Regarding Holiday's rate of pay, the Secretary noted that under the FLSA, the regular rate of pay would be based upon hours worked and pay actually received. Because Holiday only worked for Anderson the two weeks for which Holiday did not receive any pay from Anderson, Holiday's regular rate of pay was $0 per hour. In calculating unpaid compensation, however, the FLSA regulations mandate that in no case may the regular rate of pay be less than the statutory minimum wage of $7.25. See 29 C.F.R. § 778.107. While the Court

5

does not dispute Holiday's testimony regarding his compensation arrangement, for the foregoing legal reasons Holiday's wages must be calculated at the legal minimum rate.

The Court finds the requirements of Rule 55(b) have been satisfied in the present case. First, in satisfaction of Rule 55(a), the clerk entered default on April 28, 2016. Second, the Court conducted an inquiry to ascertain the amount of damages and finds the testimonial and documentary evidence presented by the Secretary supports the award of damages in the amounts requested with the noted adjustments and the award of an additional $75 to Brian Holiday for the fuel expenses Anderson failed to reimburse Holiday.

## III.   CONCLUSION

For the reasons stated, the Secretary of Labor's motion for default judgment, ECF No. 27, must be **granted**.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant, his officers, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of 29 U.S.C. §215(a)(2), (5) in any of the following manners:

1.   Defendant shall not, contrary to §§ 206(a)(1) and 215(a)(2), fail to pay any of his employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the Act.

2.   Defendant shall not, contrary to §§ 207(a)(1) and 215(a)(2), employ any of his employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek, at a rate not less than one and one-half times the regular rate at which he or she is employed.

3.   Defendant shall not, contrary to §§ 211(c) and 215(a)(5), fail to make, keep and preserve

adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to § 211(c) of the and 29 C.F.R. Part 516.

4. **Plaintiff shall recover from Defendant the sum of $10,683.87 in unpaid minimum wages and overtime compensation, and an additional $10,683.87 as liquidated damages, for a total of $21,367.74,** for work performed by the employees named in Exhibits 20 and 21, presented to the Court at the August 23, 2016, hearing, during the period of time from October 24, 2012, to August 27, 2014. **Defendant shall deliver to the U.S. Department of Labor – Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, a certified check or a cashier's check made payable to "Wage and Hour Division – Labor" in the amount of $21,367.74.** Along with the check, Defendant shall furnish his federal tax identification number, as well as the social security number and last known address for each employee identified in Appendix A attached hereto. Upon full payment from Defendant, Plaintiff's counsel shall file with the Court a certificate of payment and representatives of the Plaintiff shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employer's share of the Social Security (F.I.C.A.) tax to the employees or their representatives, as their interests may appear, in accordance with the provisions of § 216(c). Defendant remains responsible for paying the employer's share of any applicable taxes arising from or related to the back wages distributed by the Plaintiff.

5. Any funds not distributed within a period of three years from the date of this judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

6. **Defendant shall pay an FLSA Civil Money Penalty in the amount of $5142.50 to Plaintiff. Defendant shall deliver to the attention of Randy Luth, at U.S. Department of Labor – Wage and Hour Division, 210 Walnut Street, Room 643, Des Moines, Iowa 50309, a certified check or a cashier's check made payable "Wage and Hour Division – Labor" in the amount of $5142.50**.

7. Failure by Defendant to make complete payments as required by the terms of this judgment shall cause any remaining balance to become immediately due and payable by Defendant. Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT**:

8. Nothing in this judgment precludes Plaintiff from enforcing violations of the Act against Defendant that occurred at times or locations other than those described in Plaintiff's complaint.

7

9.     Nothing in this judgment affects the rights of any current or former employees of Defendant with respect to any claimed violations of the Act for time periods or locations other than those described in Plaintiff's complaint.

10.    Each party shall bear his or its own costs, fees, and other expenses incurred by such party in connection with any stage of these proceedings.

11.    This Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this judgment.

**IT IS SO ORDERED.**

Dated this 13th day of October, 2016.

JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT

**APPENDIX A**

| | | | |
|---|---|---|---|
| Anderson, Richard | | $ | 921.63 |
| Crain, Gilbert | | $ | 681.50 |
| Davis, Jaysen | | $ | 408.24 |
| Ellsworth, Travis | | $ | 22.50 |
| Ferneau, Brandon | | $ | 2232.00 |
| Holiday, Brian | ($743.13 + $75.00) | $ | 818.13 |
| Ladenhoff, John | | $ | 213.75 |
| Latcham, Joshua | | $ | 329.39 |
| LNU, Gabe | | $ | 743.13 |
| LNU, Nathan | | $ | 743.13 |
| LNU, Shane | | $ | 743.13 |
| LNU, Thomas | | $ | 743.13 |
| Miller, Robin | | $ | 743.13 |
| Parnell, Jordan | | $ | 224.14 |
| Rawson, Scott | | $ | 59.81 |
| Sams, Randy | | $ | 142.50 |
| Sams, Steve | | $ | 221.25 |
| Thomas, James | | $ | 247.50 |
| Triplett, Reno | | $ | 329.00 |
| Utterback, Elijah | | $ | 116.88 |
| **TOTAL** | | $ | 10,683.87 |